UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SETINA MANUFACTURING CO., INC.,<br><br>Plaintiff,<br><br>v.<br><br>QUALITY PLASTICS INC.,<br><br>Defendant. | No. 3:16-cv-5991<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**JURY TRIAL DEMAND** |

This is an action for patent infringement under 35 U.S.C. § 100 *et seq*. Plaintiff Setina Manufacturing Co., Inc. ("Setina"), owner of U.S. Patent Number 9,090,216 ("the 216 patent"), complains of patent infringement by Defendant Quality Plastics Inc. ("Defendant"). Defendant, through its Prisoner Transport Systems division, has infringed Setina's 216 patent by making, using, selling, and offering to sell a product called the PTS Door Panel. Setina alleges as follows, upon knowledge with respect to itself and its own acts and upon information and belief as to all other matters:


KLARQUIST SPARKMAN, LLP
121 S.W. Salmon Street, Suite 1600
Portland, OR 97204
Tel: 503-595-5300; Fax: 503-595-5301

## PARTIES

1. Setina is a Washington corporation, with a place of business at 2926 Yelm Highway Southeast, Olympia, Washington 98501.

2. On information and belief, Defendant Quality Plastics Inc. is a Nevada corporation, with a place of business at 1685 Industrial Way, Sparks, NV 89431. Defendant has appointed Nevada Discount Registered Agents, PO Box 100, Carson City, NV 89702, as its agent for service of process.

## JURISDICTION AND VENUE

3. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has general personal jurisdiction over Defendant because Defendant has minimum contacts with this forum as a result of business regularly conducted within the State of Washington and within this District.

5. This Court has specific personal jurisdiction over Defendant because it has committed acts of patent infringement within Washington and this District giving rise to this action.

6. For example, Defendant, through its unincorporated division Prisoner Transport Systems, operates a website located at http://www.prisonerseating.com (the "PTS Website"). The PTS Website advertises the PTS Door Panel at http://www.prisonerseating.com/NEWPTS--DOORPANELS.html. The PTS Website is an interactive e-commerce website that enables and encourages potential customers, including potential customers in Washington and this District, to request a quote for


KLARQUIST SPARKMAN, LLP
121 S.W. Salmon Street, Suite 1600
Portland, OR 97204
Tel: (503) 595-5300; Fax: (503) 595-5301

products, including the PTS Door Panel. *See* http://www.prisonerseating.com/NEWPTS--CONTACTUS.html. Through the PTS website and otherwise, Defendant has offered to sell PTS Door Panels to potential buyers in Washington and in this District, thereby infringing the 216 patent.

7. On information and belief, Defendant has sold infringing PTS Door Panels to residents of Washington and this District, and those purchasers have used the infringing PTS Door Panels within Washington and this District. On information and belief, Defendant has induced residents of Washington and this District to infringe the 216 patent.

8. This Court's jurisdiction over Defendant comports with the constitutional standards of fair play and substantial justice and arises directly from Defendant's purposeful minimum contacts with the State of Washington.

9. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), 1391(c)(2), and 1400(b).

## SETINA AND THE INVENTION OF THE 216 PATENT

10. For over 50 years, Setina has been an innovative manufacturer of police vehicle equipment and accessories. Its President, Terry Setina, is the named inventor on at least ten United States patents, covering devices that include firearm mounts, vehicle partitions, door barriers, and push bumpers.

11. One of Setina's more recent innovations is a new type of molded barrier that covers the inside of the rear door of a vehicle, thereby minimizing the risk of a transported prisoner accessing a door handle, lock control, window control, or hiding place for contraband. Previous vehicle door barriers required that the vehicle's existing


KLARQUIST SPARKMAN, LLP
121 S.W. Salmon Street, Suite 1600
Portland, OR 97204
Tel: (503) 595-5300; Fax: (503) 595-5301

inside door panel be removed and replaced with the protective barrier. Setina's innovative Door Guard instead installs right over the existing door panel and conceals all fasteners in the door sills, making it extremely tamper resistant by a rear seat occupant. By no longer having to remove and store the vehicle's original door panels, users of Setina's innovative vehicle Door Guard save themselves time, money, and storage space.

12. Setina has been selling its Door Guard since 2011. An example of this product is shown below:




13. On July 28, 2016, the United States Patent & Trademark Office issued the 216 patent, titled "Barrier Element for Vehicle Door," which relates to Terry Setina's innovative vehicle door barrier invention. The 216 patent is attached as Exhibit 1.

14. By virtue of an assignment from Terry Setina, Plaintiff Setina owns all right, title, and interest in the 216 patent.

15. The 216 patent has 22 claims. Claim 1 states:

> 1. A barrier element for protecting a law enforcement vehicle door interior panel from an occupant of an adjacent vehicle seat, comprising:


KLARQUIST SPARKMAN, LLP
121 S.W. Salmon Street, Suite 1600
Portland, OR 97204
Tel: (503) 595-5300; Fax: (503) 595-5301

> a body having sufficient thickness to have a nondeformable shape and to provide impact resistance, the body being shaped to enclose the vehicle door interior panel and to block the occupant's access to an interior door handle, a lock control and a window control of an associated vehicle door, wherein the body is configured to cover the vehicle door interior panel from its top extent to its bottom extent and from its forward extent to its rear extent, the body comprising a main surface and adjoining side surfaces,
>
> wherein the barrier element is securable to the vehicle door at locations that are positioned away from the main surface of the body to be inaccessible to the occupant, thereby resisting efforts by the occupant to tamper with the vehicle door or the vehicle door interior panel and resisting damage to the vehicle door interior panel from occupant strikes to the barrier element.

16. At least claim 1 of the 216 patent covers Setina's Door Guard product.

17. Claim 17 of the 216 patent is a process claim that states:

> 17. A method of protecting a law enforcement vehicle door interior panel from an occupant of an adjacent vehicle seat, using the barrier element of claim 1, comprising:
>
> providing the barrier element having the body shaped to enclose the vehicle door interior panel and to block the occupant's access to the interior door handle, the lock control and the window control of the vehicle door, the body's sufficient thickness such that the barrier element is non-deformable; and
>
> securing the barrier element to the vehicle door with the fasteners that are positioned to be inaccessible to the occupant, thereby resisting efforts by the occupant to tamper with the vehicle door or the vehicle door interior panel and to damage the vehicle door interior panel by striking the barrier element.

## DEFENDANT'S INFRINGING ACTIONS

18. The preceding paragraphs are incorporated by reference as if fully restated here.

19. Without Setina's permission, Defendant has been manufacturing and selling a vehicle door barrier known as the PTS Door Panel at least since the 216 patent


KLARQUIST SPARKMAN, LLP
121 S.W. Salmon Street, Suite 1600
Portland, OR 97204
Tel: (503) 595-5300; Fax: (503) 595-5301

issued. The PTS Website includes photographs of the PTS Door Panel, one of which is shown below:




(http://www.prisonerseating.com/NEWPTS--DOORPANELS.html).

20. Defendant's PTS Door Panel satisfies every element of at least claim 1 of the 216 patent. The PTS Door Panel is a barrier element for protecting a law enforcement vehicle door interior panel from an occupant of an adjacent vehicle seat. The PTS Door Panel has a body having sufficient thickness to have a nondeformable shape and to provide impact resistance, the body being shaped to enclose the vehicle door interior panel and to block the occupant's access to an interior door handle, a lock control and a window control of an associated vehicle door. The body of the PTS Door Panel is configured to cover the vehicle door interior panel from its top extent to its bottom extent and from its forward extent to its rear extent. The body of the PTS Door Panel also includes a main surface and adjoining side surfaces. The PTS Door Panel is securable to the vehicle door


KLARQUIST SPARKMAN, LLP
121 S.W. Salmon Street, Suite 1600
Portland, OR 97204
Tel: (503) 595-5300; Fax: (503) 595-5301

at locations that are positioned away from the main surface of the body to be inaccessible to the occupant, thereby resisting efforts by the occupant to tamper with the vehicle door or the vehicle door interior panel and resisting damage to the vehicle door interior panel from occupant strikes to the barrier element

21. Defendant's infringing PTS Door Panel competes with Setina's patented Door Guard, including in the market for police vehicle equipment and accessories.

**COUNT ONE – INFRINGEMENT OF U.S. PATENT NO. 9,090,216**

22. The preceding paragraphs are incorporated by reference as if fully restated here.

23. By making, using, selling, offering for sale, and/or importing into the United States the PTS Door Panel, Defendant has itself directly infringed at least claim 1 of the 216 patent, thereby violating 35 U.S.C. § 271(a).

24. On information and belief, Defendant has had knowledge of the 216 patent and Defendant's infringement thereof since at least the filing of this Complaint or shortly thereafter.

25. Since at least the filing of this Complaint or shortly thereafter, Defendant has performed the acts that constitute induced infringement, and would induce actual infringement, with the knowledge of the 216 patent and with the knowledge, or willful blindness to the probability, that the induced acts would constitute infringement of the 216 patent. On information and belief, Defendant engaged in such inducement to promote the sales and use of the accused PTS Door Panels, *e.g.*, through Defendant's user manuals, product support, marketing materials, and/or training materials to actively induce the users


KLARQUIST SPARKMAN, LLP
121 S.W. Salmon Street, Suite 1600
Portland, OR 97204
Tel: (503) 595-5300; Fax: (503) 595-5301

of the accused PTS Door Panels to infringe the 216 patent, thereby violating 35 U.S.C. § 271(b).

26. Because the PTS Door Panel is a barrier element that meets the elements of claim 1 of the 216 patent, the PTS Door Panel is a material for use in practicing at least the process patented in claim 17 of the 216 patent. The PTS Door Panel constitutes a material part of at least the process of claim 17 of the 216 patent. The PTS Door Panel is especially made or adapted for use in practicing at least the process of claim 17 of the 216 patent, and Defendant has known this since at least the filing of this Complaint or shortly thereafter. The PTS Door Panel is not a staple article or commodity of commerce suitable for substantial noninfringing use. For at least the reasons stated in this paragraph, Defendant has contributed to the infringement of the 216 patent, thereby violating 35 U.S.C. § 271(c).

27. As a result of Defendant's infringement of the 216 patent, Setina is entitled to monetary damages in an amount adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

28. Since at least the filing of this Complaint or shortly thereafter, Defendant's infringement has been willful.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Setina prays for judgment and seeks relief against Defendant Quality Plastics Inc. as follows:

A. For a judgment and order in favor of Setina that Defendant has infringed the 216 patent in violation of 35 U.S.C. § 271(a), (b), and/or (c);


KLARQUIST SPARKMAN, LLP
121 S.W. Salmon Street, Suite 1600
Portland, OR 97204
Tel: (503) 595-5300; Fax: (503) 595-5301

B. For a judgment and order requiring Defendant to pay Setina its damages, costs, expenses, and prejudgment and post-judgment interest for Defendant's infringement of the 216 patent, as provided under 35 U.S.C. § 284;

C. For a judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Setina its reasonable attorneys' fees against Defendant;

D. For a permanent injunction against further infringing activity by Defendant and all those in active concert and who receive notice of the injunction; and

E. For any and all other relief that the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

In accordance with Fed. R. Civ. P. 38, Setina hereby demands a jury trial on all issues so triable.

DATED this 1st day of December, 2016.

By: *s/ J. Christopher Carraway*

J. Christopher Carraway, WSBA NO. 37944
KLARQUIST SPARKMAN, LLP
121 S.W. Salmon Street, Suite 1600
Portland, Oregon 97204
Telephone: (503) 595-5300
Facsimile: (503) 595-5301
E-mail: chris.carraway@klarquist.com

*Attorney for Plaintiff*
*Setina Manufacturing Co., Inc.*