Hon. Ronald B. Leighton

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| SETINA MANUFACTURING CO., INC., Plaintiff, v. QUALITY PLASTICS INC., Defendant. | Civil Action No. 3:16-CV-05991-RBL<br><br>QUALITY PLASTIC'S ANSWER AND COUNTERCLAIMS<br><br>JURY DEMANDED |

Quality Plastics, Inc. ("Quality Plastics") answers the complaint of Setina Manufacturing, Co., Inc. ("Setina") as follows. Quality Plastics denies it has infringed any valid claims of any patent owned by Setina, and responds to the numbered paragraphs of the complaint below.

1. Quality Plastics lacks information sufficient to admit or deny the allegations of paragraph 1.

2. Quality Plastics admits the allegations of paragraph 2.

3. Quality Plastics admits the allegations of paragraph 3.

4. Quality Plastics denies the allegations of paragraph 4.

5. Quality Plastics denies the allegations of paragraph 5.

6. Quality Plastics admits only that it operates a website at prisonerseating.com, and that it depicts door panel products. Quality Plastics denies that the website is an interactive



LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

e-commerce website and that it "encourages" customers from Washington and this District to request a quote, but admits only that the website includes a feature enabling third parties to request a quote. Quality Plastics denies that it has offered to sell PTS Door Panels through the above website, and denies all remaining allegations of paragraph 6.

7. Quality Plastics admits only that it has sold PTS Door Panels to customers located in this District, and denies all remaining allegations of paragraph 7.

8. Quality Plastics denies the allegations of paragraph 8.

9. Quality Plastics denies the allegations of paragraph 9.

10. Quality Plastics lacks information sufficient to admit or deny the allegations of paragraph 10.

11. Quality Plastics denies the allegations of paragraph 11.

12. Quality Plastics lacks information sufficient to admit or deny the allegations of paragraph 12.

13. Quality Plastics admits only that the '216 patent issued on July 28, 2016 with the stated title, and denies the remaining allegations of paragraph 13.

14. Quality Plastics lacks information sufficient to admit or deny the allegations of paragraph 14.

15. Quality Plastics admits that the '216 patent contains 22 claims, including claim 1.

16. Quality Plastics lacks information sufficient to admit or deny the allegations of paragraph 16.

17. Quality Plastics admits only that the '216 patent includes a claim number 17.

18. Quality Plastics incorporates by reference its responses to each of the foregoing paragraphs.



LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

19. Quality Plastics admits the allegations of paragraph 19.

20. Quality Plastics admits the allegations of paragraph 20.

21. Quality Plastics lacks information sufficient to admit or deny the allegations of paragraph 21.

**COUNT ONE**

22. Quality Plastics incorporates by reference its responses to each of the foregoing paragraphs.

23. Quality Plastics denies the allegations of paragraph 23.

24. Quality Plastics admits that it had knowledge of the ‘216 patent since at least sometime after the filing of the complaint.

25. Quality Plastics denies the allegations of paragraph 25.

26. Quality Plastics denies the allegations of paragraph 26.

27. Quality Plastics denies the allegations of paragraph 27.

28. Quality Plastics denies the allegations of paragraph 28.

**AFFIRMATIVE DEFENSES**

Quality Plastics asserts the following affirmative defenses.

1. This Court lacks personal jurisdiction over Quality Plastics.

2. This District is not the proper venue for this action.

3. Setina lacks standing to assert this action.

4. Quality Plastics has not infringed any valid claim of the ‘216 patent.

5. The ‘216 patent is invalid under one or more of 35 U.S.C. §§ 102, 103, 112, or 132.



LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

**COUNTERCLAIMS**

Quality Plastics asserts the following counterclaims against Setina.

1. Setina states that it is a Washington corporation with a place of business at 2926 Yelm Highway Southeast, Olympia, Washington 98501.

2. Quality Plastics is a Nevada corporation having a place of business at 1685 Industrial Way, Sparks, NV 89431.

3. This Court has jurisdiction over the counterclaims pursuant to 28 U.S.C. §§ 1331, 1367, and 1338(a). This Court has personal jurisdiction over Setina, which resides in this district. Venue is proper pursuant to 28 U.S.C. §1391(b) and §1400(b).

**FIRST COUNTERCLAIM: INVALIDITY OF THE ‘216 PATENT**

4. Setina has accused Quality Plastics of infringing the ‘216 patent. Quality Plastics has denied infringing any valid claims, and has asserted that the ‘216 patent is invalid.

5. An actual case of controversy exists between Setina and Quality Plastics regarding whether the claims of the ‘216 patent are valid.

6. Upon information and belief, Brooking Industries, Inc. was making and selling door skins at least as early as 2006 for use in covering the inside rear of a door, including a door handle, lock control, window control, or hiding place for contraband. An example of a Brooking Industries, Inc. door panel from about that time is shown below.






LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

7. Upon information and belief, Brooking Industries, Inc. later made and sold a revised version of a door panel, including door skins that cover the factory door panel and which locate the fasteners in the door sills, making them tamper resistant. Upon information and belief, the newer version of door skins sold by Brooking Industries, Inc. were in public use or on sale prior to the date of invention for the ‘216 patent, and may have been in public use or on sale more than a year before the application or priority date for the ‘216 patent. An example of a Brooking Industries, Inc. door panel is shown below.



8. The asserted claims 1 and 17 of the ‘216 patent are anticipated by or obvious in view of the Brooking Industries door panels, either alone or combined with additional prior art. Quality Plastics further expects discovery to reveal additional prior art rendering the claims invalid. Accordingly, the asserted claims of the ‘216 patent are invalid under 35 U.S.C. §§ 102 or 103.

9. Quality Plastics is entitled to a judicial declaration that the asserted claims 1 and 17 of the ‘216 patent are invalid.



LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

**SECOND COUNTERCLAIM: INFRINGEMENT OF U.S PATENT 9,452,693**

10. Setina incorporates by reference its allegations above.

11. Quality Plastics is the owner of U.S. patent 9,452,693 (the ‘693 patent) directed to various aspects of a vehicle seat. The ‘693 patent was filed on August 13, 2013 and was granted on September 27, 2016. Claim 14 of the ‘693 patent requires:

> 14. A vehicle seat support arrangement for a rear passenger seat, the arrangement comprising:
>
> (A) at least one cross frame member that extends from a first side of a vehicle to a second side of the vehicle, the cross frame member configured to be secured to the first side of the vehicle and secured to the second side of the vehicle;
>
> (B) a first mounting bracket and a second mounting bracket, the first mounting bracket configured to mount the at least one cross frame member to the first side of the vehicle at a first seat belt anchor point, the second mounting bracket configured to mount the at least one cross frame member to the second side of the vehicle at a second seat belt anchor point; and
>
> (C) wherein the vehicle seat support arrangement is secured to a single piece molded passenger seat wherein the passenger seat extends substantially from the first side of the vehicle to the second side of the vehicle along the cross frame member;
>
> and
>
> (D) at least one vertical support member that extends downward of the at least one cross frame member from between ends of the at least one cross frame member to a floor of the vehicle, the at least one vertical support member configured to be secured to the floor of the vehicle.

12. Without permission from Quality Plastics, Setina has been making and selling replacement seats for use in passenger vehicles. Setina markets its seats as “OEM Stand Alone Replacement Seating,” such as illustrated below from its website at Setina.com.



LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

## REPLACEMENT SEATS



### OEM STAND ALONE REPLACEMENT SEATING

Setina's Stand Alone OEM Replacement Prisoner Transport Seating Systems are the latest in our line of "Advanced Technology" Transport Seating.

- Designed for quick, easy installation
- Provides Maximum rear passenger legroom
- Center Pull Seat Belt System, Professionally Designed and Laboratory Tested to meet the Rigorous 207/210 FMVSS Seat Belt Standards
- Seat Belt Retractors Certified and tested for FMVSS 209
- Center Pull Seat Belt Design allows buckle to be docked in the "Park Position" on the prisoner partition when not in use, eliminating the need for the officer to reach across suspect to buckle seat belt
- Molded seat back recess provides additional space for handcuffed arms
- Constructed of "TPO" Polymer (plastic) used as "the standard" by the auto industry. Exceeds NHSTA regulations
- Contour fit prevents hiding of contraband

### CENTER PULL SEAT BELT SYSTEM

Professionally Designed and Laboratory Tested to meet the rigorous 207/210 FMVSS Seat Belt Standard.
Seat Belt Retractors Certified and Tested for FMVSS 209

13. Upon information and belief, the Setina replacement seats are made and sold in accordance with assembly drawings showing the interior components of the assembly, as illustrated in the figure below.






LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

14. Upon information and belief, the Setina replacement seats include a vehicle seat support arrangement for a rear passenger seat. As shown in the illustration of the Setina replacement seat, the Setina seat is installed as a rear passenger seat.

15. Upon information and belief, the Setina seat support arrangement includes at least one cross frame member (indicated for example by reference number 9 in the assembly drawing), which extends across both sides of a vehicle.

16. Upon information and belief, the Setina seat support arrangement includes first and second mounting brackets (indicated for example by reference numbers 10 and 11 in the assembly drawing) configured to mount the cross frame member to the vehicle.

17. Upon information and belief, the Setina seat support arrangement includes a single piece molded passenger seat which extends from the first side to the second side of the vehicle.

18. Upon information and belief, the Setina seat support arrangement includes a vertical support member (indicated for example by reference numbers 13 and 14 in the assembly drawing) extending downward from the cross frame member and configured to be secured to the floor of the vehicle.

19. Upon information and belief, Setina makes and sells multiple versions of replacement seats generally in accordance with the above description, tailored to different vehicle types.

20. The Setina replacement seats and support arrangement competes with Quality Plastics' patented transport seats.

21. By making, using, selling, offering for sale, and/or importing into the United States its replacement seats, Setina has directly infringed at least claim 14 of the '693 patent.



LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

22. Setina has had knowledge of the ‘693 patent and Setina’s infringement of the patent since before the filing of this Complaint.

23. Since at least the time it became aware of the ‘693 patent, Setina has induced others to purchase and install its replacement seats and seat support arrangements with the knowledge or willful blindness to the probability that such acts would constitute infringement of the ‘693 patent. Upon information and belief, Setina has promoted the continued sale, use, and installation of its replacement seats and seat support arrangements through the distribution of assembly or user manuals, marketing materials, or in other forms encouraging others to purchase and install the replacement seats with seat support systems in accordance with claim 14 of the ‘693 patent.

24. As a result of the infringement, Quality Plastics is entitled to monetary damages in an amount adequate to compensate for the infringement, but not less than a reasonable royalty for the use made of the invention by Setina. Quality Plastics has further suffered, and continues to suffer, injury for which there is no adequate remedy at law.

25. Setina’s infringement has been willful.

**RELIEF REQUESTED**

Quality Plastics requests that the Court grant the following alternative and cumulative relief:

1. Deny Setina all relief requested for the assertion of infringement of the ‘216 patent;
2. Declare that the ‘216 patent is invalid;
3. Preliminarily and permanently enjoin Setina from making, using, offering for sale, selling, or importing products that infringe the ‘693 patent, including the replacement seats with seat support systems;



LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

4. Award Quality Plastics damages for the infringement of the ‘693 patent, but in no event less than a reasonable royalty for the use of the invention;

5. Find this to be an exceptional case and award Quality Plastics treble damages pursuant to 35 U.S.C. § 284 and any other applicable law;

6. Enter an award of reasonable attorneys’ fees pursuant to 35 U.S.C. § 285 and any other applicable law;

7. Order Setina to deliver to Quality Plastics its inventories of infringing articles for destruction by Quality Plastics;

8. Enter an award of prejudgment interest and costs; and

9. Award additional relief as the Court may deem just and proper.

**JURY DEMAND**

Quality Plastics demands a jury trial on all issues triable by jury.

DATED this 18th day of May, 2017.

LOWE GRAHAM JONES PLLC

s/ Lawrence D. Graham
Lawrence D. Graham, WSBA No. 25,402
Graham@LoweGrahamJones.com
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
T: 206.381.3300
F: 206.381.3301

*Attorneys for Quality Plastics, Inc.*

## CERTIFICATE OF SERVICE

I certify that on May 18, 2017 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will electronically send notification of such filing to:

J. Christopher Carraway, WSBA NO. 37944
KLARQUIST SPARKMAN, LLP
121 S.W. Salmon Street, Suite 1600
Portland, Oregon 97204
Telephone: (503) 595-5300
Facsimile: (503) 595-5301
E-mail: chris.carraway@klarquist.com

s/Lathena Remp
Lathena Remp