UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SETINA MANUFACTURING CO., INC.,<br><br>Plaintiff,<br><br>v.<br><br>QUALITY PLASTICS INC.,<br><br>Defendant. | No. 3:16-cv-05991-RBL<br><br>**PLAINTIFF SETINA MANUFACTURING CO.'S ANSWER TO QUALITY PLASTICS INC.'s COUNTERCLAIMS**<br><br>**JURY TRIAL DEMAND** |

Plaintiff Setina Manufacturing Co ("Setina"), through its attorneys, answers and responds to Quality Plastics Inc.'s ("Quality") Counterclaims (ECF No. 13) (hereafter, the "Counterclaims") as follows:

1. Setina admits the allegations in paragraph 1 of the Counterclaims.

2. Setina admits the allegations in paragraph 2 of the Counterclaims.

3. Setina admits the allegations in paragraph 3 of the Counterclaims.

**FIRST COUNTERCLAIM:**
**ALLEGED INVALIDITY OF THE '216 PATENT**

4. Setina admits that its Complaint in this case accuses Quality of infringing U.S. Patent Number 9,090,216 ("the 216 patent"). Setina admits that Quality's Answer to the

Complaint denies infringing any valid claims and asserts invalidity of the ’216 patent. Setina denies all remaining allegations in paragraph 4 of the Counterclaims.

5. Setina admits the allegations in paragraph 5 of the Counterclaims.

6. Setina is without knowledge or information sufficient to form a belief regarding the allegations in paragraph 6 of the Counterclaims and therefore denies the same.

7. Setina is without knowledge or information sufficient to form a belief regarding the allegations in paragraph 7 of the Counterclaims and therefore denies the same.

8. Setina denies the allegations in paragraph 8 of the Counterclaims.

9. Setina denies the allegations in paragraph 9 of the Counterclaims.

**SECOND COUNTERCLAIM:**
**ALLEGED INFRINGEMENT OF U.S PATENT 9,452,693**

10. Setina repeats and incorporates by reference each of its responses to the preceding paragraphs of the Counterclaims.

11. Setina admits that U.S. Patent No. 9,452,693 (the “’693 patent”) on its face states that its application was filed August 13, 2013 and that it was granted on September 27, 2016. Setina admits that claim 14 of the ’693 patent includes the text quoted in paragraph 11 of the Counterclaims. Setina is without knowledge or information sufficient to form a belief regarding the remaining allegations in paragraph 11 of the Counterclaims and therefore denies the same.

12. Setina admits that it sells seating products under the name “OEM Stand Alone Replacement Seating” and that the image included in paragraph 12 of the Counterclaims appears on the website setina.com. Setina denies that it needs permission of any kind from Quality to sell these seating products and denies that these seating products infringe any valid

claim of the ’693 patent. Setina denies all remaining allegations in paragraph 12 of the Counterclaims.

13. Setina admits that the illustration included in paragraph 13 of the Counterclaims corresponds at least in part to some seating products made and sold by Setina. Setina denies the remaining allegations in paragraph 13 of the Counterclaims and specifically denies that it has infringed any valid claim of the ’693 patent.

14. Setina denies the allegations in paragraph 14 of the Counterclaims and specifically denies that it has infringed any valid claim of the ’693 patent.

15. Setina denies the allegations in paragraph 15 of the Counterclaims and specifically denies that it has infringed any valid claim of the ’693 patent.

16. Setina denies the allegations in paragraph 16 of the Counterclaims and specifically denies that it has infringed any valid claim of the ’693 patent.

17. Setina denies the allegations in paragraph 17 of the Counterclaims and specifically denies that it has infringed any valid claim of the ’693 patent.

18. Setina denies the allegations in paragraph 18 of the Counterclaims and specifically denies that it has infringed any valid claim of the ’693 patent.

19. Setina admits that it makes and sells versions of seating products for use with different vehicle models. Setina denies the remaining allegations in paragraph 19 of the Counterclaims and specifically denies that it has infringed any valid claim of the ’693 patent.

20. Setina is without knowledge or information sufficient to form a belief regarding the allegations in paragraph 20 of the Counterclaims and therefore denies the same.

21. Setina denies the allegations in paragraph 21 of the Counterclaims and specifically denies that it has infringed any valid claim of the ’693 patent.



KLARQUIST SPARKMAN, LLP
121 S.W. Salmon Street, Suite 1600
Portland, OR 97204
Tel: (503) 595-5300; Fax: (503) 595-5301

22. Setina denies the allegations in paragraph 22 of the Counterclaims and specifically denies that it has infringed any valid claim of the ’693 patent.

23. Setina denies the allegations in paragraph 23 of the Counterclaims and specifically denies that it has infringed any valid claim of the ’693 patent.

24. Setina denies the allegations in paragraph 24 of the Counterclaims and specifically denies that it has infringed any valid claim of the ’693 patent.

25. Setina denies the allegations in paragraph 25 of the Counterclaims and specifically denies that it has infringed, willfully or otherwise, any valid claim of the ’693 patent.

## DEFENSES

Further answering the Counterclaims, Setina asserts the following defenses without assuming any burden that they would not otherwise have and without admitting any of Quality’s allegations. Setina reserves the right to amend its Answer with additional defenses as additional information is obtained, and to assert any other defenses not specifically listed to the extent the rules do not require Setina to affirmatively state them.

### **First Defense: Non-infringement of the Asserted Patent**

1. Setina does not and has not in any manner infringed, either literally or under the doctrine of equivalents, either directly or indirectly, any valid claim of the ’693 patent, and is not liable for infringement thereof.

### **Second Defense: Invalidity of the Asserted Patent**

2. The claims of the ’693 patent are invalid for failing to comply with the provisions of the Patent Laws, Title 35 U.S.C., including without limitation one or more of 35 U.S.C. §§ 101, 102, 103, and 112 *et seq.*



KLARQUIST SPARKMAN, LLP
121 S.W. Salmon Street, Suite 1600
Portland, OR 97204
Tel: (503) 595-5300; Fax: (503) 595-5301

3. By way of example only, the claims of the ’693 patent, including claim 14, are obvious under 35 U.S.C. § 103 in light of U.S. Patent Nos. 3,988,276 and 4,925,246. The U.S. Patent and Trademark Office (“Patent Office”) has twice found that these two prior art references render obvious all claims of U.S. Patent Application No. 15/206,204, which is related to the ’693 patent and has claims of substantially the same scope as claims of the ’693 patent. On June 2, 2017, the Patent Office issued a Final Rejection of the claims of U.S. Patent Application No. 15/206,204 based on these two references. These two prior art references were not before the Patent Office during the prosecution of the ’693 patent’s application, and had they been, claims of the ’693 patent, including claim 14, would not have issued.

**Third Defense: Failure to Provide Notice**

4. On information and belief, Quality has failed to meet the requirements of 35 U.S.C. §§ 271(b) and (c), 284, and/or 287.

**Fourth Defense: Prosecution History Estoppel/Disclaimer**

5. Quality’s alleged cause of action for patent infringement is barred under the doctrines of prosecution history estoppel and disclaimer, and Quality is precluded on that basis from claiming that ’693 patent covers or includes any accused Setina product.

6. Quality is estopped from making any assertion inconsistent with or negating any argument, representation, or position taken in the course of prosecuting the applications that issued as or are related to the ’693 patent.



KLARQUIST SPARKMAN, LLP
121 S.W. Salmon Street, Suite 1600
Portland, OR 97204
Tel: (503) 595-5300; Fax: (503) 595-5301

**Fifth Defense: Dedication to the Public**

7. Quality has dedicated to the public any apparatus disclosed in the ’693 patent but not literally claimed therein, and is estopped from claiming infringement by any such public domain apparatus.

**Sixth Defense: Indispensable Parties**

8. Those parties retaining rights in the ’693 patent are indispensable parties who must be joined.

**Seventh Defense: Failure to State a Claim**

9. Quality has failed to state a claim for infringement under 35 U.S.C. § 271.

**Eighth Defense: Unavailability of Relief (Enhanced Damages)**

10. Quality has failed to properly plead and meet the requirements for enhanced damages.

**Ninth Defense: Unavailability of Relief (Pre-Counterclaim Damages)**

11. Quality has failed to state a claim for pre-Counterclaim damages for alleged infringement of the ’693 patent.

**Tenth Defense: Equitable Defenses**

12. On information and belief, Quality’s claims are barred, in whole or in part, by equitable doctrines, including the doctrines of waiver, acquiescence, unclean hands, and/or equitable estoppel.

**Eleventh Defense: Lack of Knowledge**

13. To the extent that Quality asserts that Setina indirectly infringes, either by contributory infringement or inducement of infringement, Setina is not liable for the acts



KLARQUIST SPARKMAN, LLP
121 S.W. Salmon Street, Suite 1600
Portland, OR 97204
Tel: (503) 595-5300; Fax: (503) 595-5301

alleged to have been performed before Setina knew that its actions would allegedly cause indirect infringement.

**Twelfth Defense: No Injunctive Relief**

14. Quality is not entitled to injunctive relief because, among other reasons, any alleged injury to Quality is not immediate or irreparable and because Quality has an adequate remedy—if any—at law.

**Thirteenth Defense: Sales to United States Government**

15. To the extent that Quality's claims relate to the sale to and/or use or manufacture by or for the United States government of the allegedly infringing products, Quality's sole remedy is an action for damages filed in the United States Court of Federal Claims pursuant to 28 U.S.C. § 1498.

**Fourteenth Defense: Failure to Mitigate Damages**

16. Quality's claims are barred, in whole or in part, by its failure to mitigate damages.

**PRAYER**

To the extent the Quality set forth a prayer for relief, no response is required. Setina denies that Quality is entitled to any of the relief requested in its Counterclaims, and Setina reasserts its Prayer set forth in its Complaint.

DATED June 8, 2017.

By: *s/ J. Christopher Carraway*
J. Christopher Carraway, WSBA NO. 37944
KLARQUIST SPARKMAN, LLP
121 S.W. Salmon Street, Suite 1600
Portland, Oregon 97204
Telephone: (503) 595-5300

Facsimile: (503) 595-5301
E-mail: chris.carraway@klarquist.com

*Attorney for Plaintiff*
*Setina Manufacturing Co., Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 5, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.

By: */s/ J. Christopher Carraway*
J. Christopher Carraway, WSBA NO. 37944